## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

YZ PRODUCTIONS, INC.,

    Plaintiff,

v.

THE INDIVIDUALS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No.:

## **COMPLAINT**

Plaintiff YZ Productions, Inc. ("Plaintiff" or "YZ"), by and through undersigned counsel, hereby alleges as follows against the individuals, unincorporated associations, and foreign entities identified on **Schedule A** (collectively, "Defendants"):

## **INTRODUCTION**

1. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with both Plaintiff's U.S. Trademark Registration No. 6,090,463 (the "REBECCA ZAMOLO Trademark"), and US Federally Registered Copyright Registration No. VA0002188615 (the "CUPCAKE Copyright").

2. The registrations are valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the REBECCA ZAMOLO Trademark is attached as **Exhibit 1**. A true and correct copy of the federally registered copyright registration certificate for the CUPCAKE Copyright is attached as **Exhibit 2**.

1

3.      Defendants are improperly advertising, marketing and/or selling unauthorized and illegal products infringing upon Plaintiff's REBECCA ZAMOLO Trademark and CUPCAKE Copyright (the "Counterfeit and Infringing Products"). By selling Counterfeit and Infringing Products that purport to be genuine and authorized products utilizing YZ's intellectual property rights (the "YZ Products"), Defendants cause confusion and deception in the marketplace.

4.      Defendants create and/or have created multiple fully interactive commercial internet stores operating under the online marketplace accounts identified in Schedule A (collectively, the "Defendant Internet Stores"), including on eBay.com ("eBay"), Walmart.com ("Walmart"), and Wish.com ("Wish") platforms (collectively, the "Marketplace Platforms").

5.      Defendants design the online marketplace accounts to appear to be selling genuine YZ Products while selling inferior imitations of such products instead.

6.      The Defendants' online marketplace accounts also share unique identifiers, such as design elements and similarities of the counterfeit and infringing products offered for sale, establishing a logical relationship between them, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

7.      Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting and infringement operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting and infringement of the REBECCA ZAMOLO Trademark and CUPCAKE Copyright, as well as to protect unknowing consumers from purchasing Counterfeit and Infringing Products.

8.      As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable intellectual property rights, and goodwill and, therefore, seeks injunctive and monetary relief.

2

9.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District.

10.     In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

## SUBJECT MATTER JURISDICTION

11.     This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

12.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

13.     This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## PERSONAL JURISDICTION AND VENUE

14.     Personal jurisdiction exists over Defendants in this Judicial District pursuant to Florida Statutes § 48.193(1)(a)(1)–(2) and Florida Statutes § 48.193(1)(a)(6), or in the alternative, Fed. R. Civ. P. 4(k), because upon information and belief, Defendants regularly conduct, transact and/or solicit business in Florida and in this Judicial District, and/or derive substantial revenue from business transactions in Florida and in this Judicial District and/or otherwise avail themselves

of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

15.     In addition, Defendants' illegal counterfeiting and infringing actions have caused injury to Plaintiff in Florida and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Florida and this judicial District.

16.     For example, Defendant Internet Stores accept orders of Counterfeit and Infringing Products from and offer shipping to Florida addresses located in this Judicial District. Screen shots of the shopping cart allowing Counterfeit and Infringing Products from Defendant Internet Stores to be shipped to Florida are attached as Exhibit 2 to the Declaration of Matt Yoakum ("Yoakum Decl."), which will be filed in Support of Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order.

17.     Moreover, upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Florida, in this Judicial District, through accounts (the "User Account(s)") on e-commerce sites including the Marketplace Platforms, as well as any and all as yet undiscovered User Accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them. Through these User Accounts, consumers in the U.S., including Florida (and more particularly, in this Judicial District), can view the marketplace accounts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit YZ Products, and to place orders for, receive invoices for and purchase Counterfeit YZ Products for delivery in the U.S., including Florida (and more particularly, in this Judicial District), as a means

for establishing regular business with the U.S., including Florida (and more particularly, in this Judicial District).

18.     Defendants have transacted business with consumers located in the U.S., including Florida (and more particularly, in this Judicial District), for the sale and shipment of Counterfeit YZ Products.

19.     Venue is proper in this Court pursuant to at least 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of trademark infringement in this Judicial District and do substantial business in the Judicial District.

## THE PLAINTIFF

20.     Plaintiff YZ is a company incorporated under the laws of California, with a principal place of business in Encino, California.

21.     Plaintiff is the registered owner of the REBECCA ZAMOLO Trademark (attached as Exhibit 1):

| U.S. TM Reg. No. | Trademark | Registration Date | Class of Goods |
|---|---|---|---|
| No. 6,090,463 | Rebecca Zamolo | June 30, 2020 | Class 3: cosmetics; Class 16: journals; Class 25: clothing; and Class 41: on-line video journals |

22.     Plaintiff is likewise the registered owner of the CUPCAKE Copyright (Exhibit 2), an image of which is displayed below:



**THE DEFENDANTS**

23.    Defendants are individuals and unregistered business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions.

24.    Defendants are merchants on online e-commerce platforms, including the Marketplace Platforms.

**THE YZ PRODUCTS**

25.    YZ is a professional multimedia production company, YouTube channel operator, and distributor engaged in the production, design, creation, distribution, and sale of multimedia content. YZ leverages its social media presence and original content in order to market, advertise and/or sell the YZ Products.

26.    From the date of the creation of the first YZ Products to the present, Plaintiff has been the sole and official source of genuine YZ Products in the United States and Florida. Customers can purchase YZ Products, including YZ's clothing and accessories, through YZ's ecommerce website at www.rebeccazamolo.com as well as on YZ's Amazon store.

*Examples of YZ Products Incorporating the YZ Intellectual Property Rights*





27.     Since at least 2016, Plaintiff has developed and marketed high-quality apparel and accessories incorporating the REBECCA ZAMOLO Trademark and CUPCAKE Copyright. The REBECCA ZAMOLO Trademark and CUPCAKE Copyright are and have been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the REBECCA ZAMOLO Trademark and CUPCAKE Copyright in the industry and to consumers.

28.     The registration for the REBECCA ZAMOLO Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use the trademark pursuant to 15 U.S.C. § 1057(b).

29.     The REBECCA ZAMOLO Trademark has been continuously used and never abandoned. Since Plaintiff launched the YZ Products, YZ has followed a defined strategy for positioning its brand, marketing, and promoting the product line in the industry and to consumers. Plaintiff's promotional efforts for the YZ Products include, by way of example but not limitation, the rebeccazamolo.com website, online advertising, and social media advertising campaigns through various platforms including YouTube, Instagram, Facebook and TikTok. In particular, YZ's multiple YouTube channels contain a library comprised of thousands of original videos, garnering more than twenty-five million subscribers. It is readily apparent that Plaintiff has expended substantial time, money, and other resources in advertising and otherwise promoting the YZ Products.

30.     The YZ Products have become enormously popular, driven predominantly by Plaintiff's distinctive and innovative designs protected by various intellectual property rights and utilizing the REBECCA ZAMOLO Trademark and CUPCAKE Copyright, that are frequently featured on YZ's content and viewed by millions (the "YZ Designs"). The YZ Designs are broadly recognized by consumers as being sourced from Plaintiff. Products fashioned after these designs are associated with the quality and innovation that the public has come to expect from Plaintiff and its YZ Products.

31.     Plaintiff owns all rights, including without limitation, the rights to reproduce the YZ Designs in copies, to prepare derivative works based upon the YZ Designs, and to distribute copies of the YZ Designs to the public by sale or other transfer of ownership, or by rental, lease,

or lending, in the YZ Designs as the owner of the REBECCA ZAMOLO Trademark and CUPCAKE Copyright.

## THE DEFENDANTS' UNLAWFUL CONDUCT

32.     The success of the YZ Products has resulted in significant counterfeiting and infringement of YZ's intellectual property rights. Plaintiff has identified multiple Defendant Internet Stores linked to fully interactive websites on e-commerce sites including the Marketplace Platforms. These Defendant Internet Stores offer for sale and sell, or in the alternative and on information and belief, have offered for sale and/or sold Counterfeit and Infringing Products to consumers in this Judicial District and throughout the United States.

33.     Defendants have persisted in creating such online marketplaces and internet stores, like the Defendant Internet Stores. In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

34.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine YZ Products. Defendants' Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

35.     Defendants further perpetuate the illusion of legitimacy by using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

36.     Plaintiff has not licensed or authorized Defendants to use the REBECCA ZAMOLO Trademark, and none of the Defendants is an authorized retailer of the genuine YZ Products.

37.     On personal knowledge and belief, Defendants also deceive unknowing consumers by using without authorization the REBECCA ZAMOLO Trademark within the product descriptions, content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for YZ Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine YZ Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable the Defendant Internet Stores owned and/or operated by Defendants that are the means by which Defendants could continue to sell Counterfeit YZ Products into this Judicial District.

38.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. For example, it is common practice for counterfeiters to register their domain names and/or User Accounts with incomplete information, randomly typed letters, or omitted cities or states.

39.     On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on at least Walmart using the identities listed in Schedule A to the Complaint. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

40.     In addition, the Counterfeit and Infringing Products for sale in the Defendants' Internet Stores bear similarities and indicia of being related to one another, suggesting that the Counterfeit and Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

41.     The Defendants' Internet Stores also include other notable common features, including accepted payment methods, check-out methods, identically or similarly priced items, and the use of the same text and images.

42.     In addition, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[1]

43.     Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2]

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites").

[2] While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm.

44. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

45. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

46. On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

47. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the REBECCA ZAMOLO Trademark and CUPCAKE Copyright in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit and Infringing Products into the United States and Florida over the Internet.

48. Each Defendant Internet Store offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, each Defendant is currently offering or has offered to sell counterfeit and infringing YZ Products into the United States, including Florida (in this Judicial District).

49. Defendants' use of the REBECCA ZAMOLO Trademark and CUPCAKE Copyright in connection with the advertising, distribution, offering for sale, and sale of Counterfeit

and Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

50.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the REBECCA ZAMOLO Trademark, of the fame and incalculable goodwill associated therewith and of the popularity and success of the YZ Products, and in bad faith proceeded to manufacture, market, develop, offer to be sold, and/or sell the Counterfeit and Infringing Products.

51.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the YZ Products.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114 *et seq.*)**
**[Against Defendants Designated in Schedule A]**

52.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–51 of this Complaint.

53.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered REBECCA ZAMOLO Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The REBECCA ZAMOLO Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the REBECCA ZAMOLO Trademark.

54.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the REBECCA ZAMOLO Trademark without Plaintiff's permission.



*Exemplar of Genuine YZ Product Sold by Plaintiff Through Its Online Store*



*Exemplar of Counterfeit Product Sold by Defendants*

55.     Plaintiff is the registered owner of the REBECCA ZAMOLO Trademark and official source of YZ Products. The United States Registrations for the REBECCA ZAMOLO

Trademark (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the REBECCA ZAMOLO Trademark and are willfully infringing and intentionally using counterfeits of the REBECCA ZAMOLO Trademark. Defendants' willful, intentional, and unauthorized use of the REBECCA ZAMOLO Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

56.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

57.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit YZ Products.

58.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known REBECCA ZAMOLO Trademark.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a) *et seq.*)**
**[Against Defendants Designated in Schedule A]**

59.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–51 of this Complaint.

60.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit YZ Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit YZ Products by Plaintiff.

61.     By using the REBECCA ZAMOLO Trademark in connection with the sale of counterfeit YZ Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit YZ Products.

62.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit YZ Products to the general public under 15 U.S.C. §§ 1114, 1125.

63.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**THIRD CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**
**[Against Defendants Designated in Schedule A]**

64.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–51 of this Complaint.

65.     Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the YZ Products, including without limitation copyrights covered by the CUPCAKE Copyright.

66.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the CUPCAKE Copyright without Plaintiff's permission.

67.     Defendants had access to the YZ Products incorporating Plaintiff's registered copyright before Defendants created their Defendants' Merchant Storefronts.

16

68.     Upon information and belief, Defendants have directly copied Plaintiff's copyright for the YZ Products. Alternatively, Defendants' representations of Plaintiff's copyright for the YZ Products in the Defendants' Merchant Storefronts are strikingly similar, or at the very least substantially similar, to Plaintiff's copyright for the YZ Products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyright for the YZ Products.

69.     Defendants' exploitation of Plaintiff's copyright for the YZ Products in the Defendants' Merchant Storefronts constitutes infringement of Plaintiff's copyright for the YZ Products.

70.     On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of Counterfeit YZ Products.

71.     Each Defendant either knew, or should have reasonably known, that Plaintiff's YZ Products were protected by copyright and their representations infringed on Plaintiff's copyright. Each Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted work.

72.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

73.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant

should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

74.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

75.     Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

76.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

77.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CUPCAKE Copyright.

**FOURTH CAUSE OF ACTION**
**COMMON LAW UNFAIR COMPETITION**
**[Against Defendants Designated in Schedule A]**

78.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–51 of this Complaint.

79.     Plaintiff has not licensed or authorized Defendants to use the REBECCA ZAMOLO Trademark, and none of the Defendants are authorized retailers of genuine YZ Products.

80.     Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's REBECCA ZAMOLO Trademark.

81.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit YZ Products has created and is creating a likelihood of confusion, mistake, and deception among the

general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit YZ Products by Plaintiff in violation of Florida's common law of unfair competition.

82.     Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of counterfeit YZ Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

83.     In fact, Defendants have fraudulently represented by their statements and actions that the Counterfeit YZ Products are Plaintiff's products including, for example, by: (i) using SEO tactics and social media to misdirect customers seeking YZ Products to the Defendants' Internet Stores; (ii) using deceptive advertising practices within the text and metadata of the online marketplace accounts; and (iii) taking other steps to deceive and confuse the consuming public.

84.     On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names and addresses to register and operate their illegal counterfeiting operations and Defendant Internet Stores.

85.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.      using the REBECCA ZAMOLO Trademark or CUPCAKE Copyright or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine YZ Product or is not authorized by Plaintiff to be sold in connection with the REBECCA ZAMOLO Trademark or CUPCAKE Copyright;

b.      passing off, inducing, or enabling others to sell or pass off any product as a genuine YZ Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the REBECCA ZAMOLO Trademark or CUPCAKE Copyright;

c.      committing any acts calculated to cause consumers to believe that Defendants' Counterfeit YZ Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.      further infringing the REBECCA ZAMOLO Trademark or CUPCAKE Copyright and damaging Plaintiff's goodwill;

e.      otherwise competing unfairly with Plaintiff in any manner;

f.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark or copy any Plaintiff copyright, including the REBECCA ZAMOLO Trademark or CUPCAKE Copyright or any reproductions, counterfeit copies, or colorable imitations thereof;

g.      using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain

20

name or Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit YZ Products; and

  h.  operating and/or hosting websites at the Defendant Domain Names that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the REBECCA ZAMOLO Trademark or CUPCAKE Copyright or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine YZ Product or not authorized by Plaintiff to be sold in connection with the REBECCA ZAMOLO Trademark or CUPCAKE Copyright.

  2.  Entry of an Order that eBay, Walmart, Wish, and any other online marketplace account provider:

  a.  disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit YZ Products, including any accounts associated with Defendants listed on Schedule A;

  b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit YZ Products; and

  c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

  3.  That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the REBECCA ZAMOLO Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

4.      In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the REBECCA ZAMOLO Trademark.

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.      Award any and all other relief that this Court deems just and proper.

Dated:      November 29, 2023                    Respectfully submitted,


By: */s/ Alisha Moriceau*
Alisha Moriceau (FL Bar No. 1011395)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 377-4217
amoriceau@bsfllp.com

*Counsel for Plaintiff YZ Productions, Inc.*